The opinion of the Court was delivered by
O’Neall, J.
It is perfectly plain to my mind, that the verdict below is right, and ought to be sustained.
The plaintiff was the debtor of Staats Fox; he assigned to Por-, ter, on the 17th of May, 1850. To pay this debt, the plaintiff, on the 18th, purchased from the agent of the defendant, at Winnsboro’, a draft on itself, and remitted it. The assignee *137 presented the draft for payment, on the 23rd. The Bank refused to.pay it, alleging that Staats Fox was their debtor.
But in point of fact, he was not fixed for their debt, until the 30th of May, when his bill was protested for non-payment. So that, in that point of view, the Bank would be without defence. Let it, however, be assumed that he was their debtor, to an amount largely beyond the amount of the draft, still I do not think the Bank can be protected.
There is nothing like payment, without the consent of creditor and debtor, actual, or implied. In this case, let it be supposed that Staats Fox himself had presented the draft, and the Bank had said, “ No, Mr. Fox, we cannot pay you the money, but we will place it to your credit.” Could he not have said, “I will not have it so?” Unquestionably. He could have restored the draft to the plaintiff, and what would then have followed ? The plaintiff, unquestionably, could have said to them, “ Give me back my money.” The Bank must have complied, for that which had been given to him, in place of his money, had failed of its purpose.
Is not the case much strengthened when the draft is presented by the assignee, and the Bank refuses to pay? The draft was sent to pay the account of the plaintiff assigned to Porter before it (the draft) reached Charleston. It was right and proper that it should be turned over to the assignee. It is true, it was indorsed to Staats Fox ; but that does not alter the case, for the equitable right of the assignee to collect it, in the name of Fox would prevent the Bank’s defence, if the party had thought proper to resort to that form. But they might consider the draft as failing in its purpose, not having procured the money, and go back to Randolph, and say, “Here is your draft — it does not answer our purpose — take it, and collect your money for our use.” Could there be any difficulty about the case, all these facts being proved ? Certainly not. They are the same as proved; for the party, like the holder of a promissory note given for goods sold, money had and received, money lent, may, on bringing it (the note) into Court, proceed on the original com sideration, and recover.
*138 The action is on the consideration. The plaintiff put his money in the hands of the defendant’s agent; that was the same if it had been placed in the Bank’s till. His draft on the Bank was the same as a draft by the Bank on itself. It thus became an acknowledgment, that that much money was in their hands, which he could apply. He orders it to be paid one way : this is refused. He brings the draft into Court, as evidence of the deposit of his money, and says, Give me'back the same. How can it be refused ? It was money received for his use, and must be paid.
The motion is dismissed.
Waedlaw, Withers, Whitner, Glover and Munro, JJ., concurred.

Motion dismissed.